## Jones *vs.* Graham, administrator.

1. Where, in an ejectment case, it appears from the record that the main contention was, whether or not the deed under which the plaintiff claimed conveyed the land in controversy, and it is recited in the motion for a new trial that the attention of the court was not called to the subject of permissive possession and its effect on prescription, and that no request to charge thereon was made, the omission so to charge will not require a reversal, although there was evidence touching that point.
2. There was sufficient evidence to authorize a finding for the plain‑tiff, and there was no error in refusing to grant a new trial.
  March 21, 1888.

Charge of court.　Practice.　Prescription.　New trial. Before Judge Kibbee.　Laurens superior court.　January term, 1887.

Graham, administrator, sued for fifteen acres of land and recovered.　There was evidence for him to the effect that his intestate received a deed to a tract of land con‑taining 297 acres in 1852, was in possession of the land covered by that deed for many years and cultivated four

or five acres.   Evidence for the defendant tended to show that the parcel now in dispute did not fall within the boundaries in that deed, but under other deeds forming defendant's chain of title, dating back to 1863 ; that defendant had been in possession since 1872 ; and that his son, who was his agent, allowed the plaintiff's intestate to use a small patch on the place.   The other facts are stated in the decision.

JOHN M. STUBBS, by J. H. LUMPKIN, for plaintiff in error.

No appearance *contra.*

BLANDFORD, Justice.

This was an action of ejectment to recover a certain tract of land in the county of Laurens.   A verdict was had for the plaintiff, and the defendant moved for a new trial, upon the general grounds that the verdict was contrary to law and to the evidence, and upon the special ground that the court erred in charging the clause of the code in relation to adverse possession, and not charging as to permissive possession ; it being recited in the motion that the attention of the court was not called to the subject of permissive possession, and that no request was made to charge thereon.   Counsel for the plaintiff in error contends, however, that the court should have charged upon that subject anyhow.   It was a very material point in the case, but it nowhere appears from the record that it was presented or insisted upon by counsel in the court below.   Under the facts of this case, there was no such error on the part of the court in not charging upon this point (the attention of the court not having been called to it by counsel) as would warrant a reversal in this case. The main contention, as shown by the record, was, whether a warranty deed to the plaintiff's intestate, James Graham, conveyed the land in controversy or not.   The

plaintiff contended that it did; and that was the question upon which the court charged, and upon which the jury passed in their verdict; so we think that this error, if error it was, was not such error as to work a reversal in this case.*

Was the verdict contrary to law and to the evidence? The evidence shows that Benjamin Pope executed to James Graham, the plaintiff's intestate, a deed to a certain number of acres of land, on the 2d of December, 1852; and that the grantee immediately went into possession of the land in controversy, and remained in possession until his death, five or six years before the commencement of this action, a period of nearly thirty years. The defendant introduced the testimony of one Dr. Linder, that he "ran around" the land embraced in a deed of certain parties to the defendant, and that the land in controversy was embraced in that deed. Whether this witness was a surveyor or not, the record does not show. His testimony might be true, and yet the plaintiff entitled to recover; for the land might be embraced in the plaintiff's deed also. The deeds did not originate from the same person. The plaintiff having gone into possession of the land in 1852, and having remained in possession until the time of his death some five or six years before the bringing of this action, as above stated, and the evidence being that his deed covered the land in controversy, we think there was sufficient evidence to authorize the verdict of the jury, and that the court committed no error in refusing a new trial.

Judgment affirmed.

*See *Harris vs. Central Railroad*, 76 *Ga.* 501. (Rep.)